UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEAN SHIELDS individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 1:16-cv-01548-SEB-DML |
| J.C. CHRISTENSEN & ASSOCIATES, INC. a Minnesota corporation, LVNV FUNDING, LLC a Delaware limited liability company, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

This cause is before the Court on the Motions to Dismiss [Docket Nos. 21 and 24] filed by Defendants LVNV Funding, LLC ("LVNV") and J.C. Christensen & Associates ("JCC") on August 12, 2016 and August 15, 2016, respectively, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Dean Shields, filed this lawsuit on behalf of himself and a putative class of plaintiffs,[1] alleging that Defendants' form collection letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. For the reasons detailed below, we <u>DENY</u> Defendants' Motions to Dismiss.

---

[1] Mr. Shields filed this case as a putative class action and moved for class certification on June 22, 2016. On October 5, 2016, he filed an amended motion to certify. However, on December 7, 2016, before the amended motion for class certification was fully briefed, the court stayed all deadlines in the case management plan pending a ruling on the motions to dismiss. *See* Dkt. 40. Accordingly, this ruling applies only to Mr. Shield individually.

1

**Factual Background**

More than seven years ago, Mr. Shields incurred an outstanding financial obligation for an HSBC Bank credit card.  Defendant LVNV subsequently acquired Mr. Shields's debt and the debt was then placed with Defendant JCC for collection.  In an effort to collect on the delinquent account, JCC sent Mr. Shields a letter dated April 8, 2016, explaining that his debt had been purchased by LVNV and placed with JCC for collection.  The letter states that JCC was "authorized to negotiate GENEROUS SETTLEMENT TERMS" on the account and references multiple ways in which Mr. Shields could "settle [his] account."  Exh. C to Compl.  The letter also provides that: "The law limits how long you can be sued on a debt.  Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency."  *Id.*  There is no further information in the letter regarding time-barred debts, including the consequences of making a partial payment on a time-barred debt.

Mr. Shields filed this putative class action on June 22, 2016, alleging that Defendants' collection letter violated §§ 1692e and 1692f of the FDCPA by repeatedly encouraging the debtor to "settle your account" and failing to inform the debtor that, because of the applicable statute of limitations, neither LVNV nor JCC could legally sue to collect the debt.  Mr. Shields further alleges that Defendants' statement attempting to collect a time-barred debt was also unfair and unconscionable in violation of § 1692f of the FDCPA.

## Legal Analysis

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In this procedural context, the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint therefore must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### II. FDCPA Standards

The FDCPA aims at remedying the use of "abusive, deceptive, and unfair debt collection practices," 15 U.S.C. § 1692(a), and prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e of the FDCPA sets forth a nonexhaustive list of prohibited practices, including making a false representation of the character, amount, or

3

legal status of any debt, § 1692e(2)(A). Section 1692(f) of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

In determining whether the contents of a debt collector's communication with a debtor are "false or misleading" under §§ 1692e and 1692f of the FDCPA, the Seventh Circuit has directed district courts to view them from the point of view of an "unsophisticated consumer"—one who is "uninformed, naive, or trusting," albeit not a "dimwit." *Wahl v. Midland Credit Mgmt. Inc.,* 556 F.3d 643, 645 (7th Cir. 2009) ("The 'unsophisticated consumer' isn't a dimwit. She may be 'uninformed, naive, [and] trusting,' but she has 'rudimentary knowledge about the financial world.'") (further citations omitted). A plaintiff cannot successfully plead a violation of the statute, however, simply by pointing to some formal, but immaterial mistake in the debt collector's form of communication. "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 758 (7th Cir. 2009) (citing *Wahl,* 556 F.3d at 646).

How a particular notice affects its intended audience "is a question of fact." *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999); *Headen v. Asset Acceptance, LLC*, 383 F. Supp. 2d 1097, 1102 (S.D. Ind. 2005). Dismissal is appropriate only when "it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Zemeckis v. Global Credit & Collection*

*Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

**III.    Discussion**

Plaintiff argues that the letter he received from Defendants is violative of the FDCPA because it falsely and/or misleadingly represented the legal status of the debt, in violation of § 1692(e) and § 1692(f) of the FDCPA, by: (1) implying that LVNV is merely choosing not to sue or credit report rather than representing that it is legally prohibited from doing so; (2) failing to state that, in addition to LVNV, JCC as the debt collector is also legally prohibited from suing on or credit-reporting the time-barred debt; and (3) failing to inform Plaintiff that the consequences of making or agreeing to make a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt.

Defendants rejoin that Plaintiff's FDCPA claim must fail because the letter he received contained no false or misleading statements, and, in fact, used language from a consent decree that both courts and the Federal Trade Commission ("FTC") have deemed sufficient to advise consumers about the collection of time-barred debts. Defendants further argue that providing the disclosure that Plaintiff requests, to wit, an explicit statement that his debt is time-barred, would constitute giving legal advice and thus engaging in the unauthorized practice of law. Defendants argue that, for these reasons, Plaintiff's complaint must be dismissed in its entirety, pursuant to Rule 12(b)(6).

5

Defendants are correct that the statements that "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency" are not false statements. However, this does not end the inquiry. Although if read in isolation, these statements would technically be true, we cannot say as a matter of law that, when read in context with Defendants' collection letter as a whole, they could not plausibly constitute a misrepresentation.

First, while Defendants' letter indicates that LVNV will not sue Plaintiff or report his debt to a credit reporting agency, the letter is silent as to the debt collector, JCC. Under Indiana law, collection agents are in certain circumstances permitted to sue in their own names on behalf of their clients and to collect all sums owed to the principal, including attorney fees. *See Kelley v. Med-1 Solutions*, 952 N.E.2d 817, 827-8 (Ind. Ct. App. 2011) (citing *Mut. Hosp. Serv. Inc. v. Burton*, 695 N.E.2d 641, 644 (Ind. Ct. App. 1998) (finding that where the creditor has granted express authority to its agent, the collection agency, to collect accounts, the collection agency may file claims to do so)). Accordingly, we find it plausible that the fact that Defendants' letter fails to inform the consumer that *neither* LVNV *nor* JCC will sue could confuse and mislead the unsophisticated consumer into believing that JCC might sue to collect a time-barred debt, especially if the consumer had previously been sued by a third-party collector.

This material omission is exacerbated by the fact that the letter goes on to repeatedly offer the consumer opportunities to "settle your account" and "resolve" the

debt, which is language the unsophisticated consumer could believe to be contradictory to the promise not to sue.  Moreover, Defendants' letter does not include a disclosure informing the consumer that, under Indiana law, a partial payment revives the statute of limitations.  *See Clark v. Univ. of Evansville*, 784 N.E.2d 942, 944 n.4 (Ind. Ct. App. 2003) ("We note that a partial payment that operates to toll the statute of limitations also sets the statute of limitations running anew.").  The Seventh Circuit has recognized that, in these circumstances, offers to settle "make[] things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount." *McMahon*, 744 F.3d at 1021.  It is at least plausible that representing to the consumer the benefits of Defendants' "generous settlement offer" while failing to reference Indiana law that would make the debt judicially enforceable again upon a partial payment could constitute a misrepresentation of the character and legal status of the debt under the FDCPA.[2]

Defendants rejoin that their letter used the same language as that deemed by the Federal Trade Commission ("FTC") and the district court that entered the consent decree in *United States v. Asset Acceptance, LLC*, No. 8:12-CV-00182-JDW-EAJ, slip op. (M.D. Fla. Jan. 31, 2012), sufficient to satisfy all disclosure requirements under the FDCPA for time-barred debt collection.  However, even assuming that Defendants' letter faithfully incorporates the language previously found acceptable by the FTC in settling other

---

[2] We see no support for Defendants' contention that including disclosures regarding whether a debt is time-barred or that a partial payment could revive the statute of limitations constitutes the unlawful practice of law.

7

lawsuits,[3] while that might be one factor that fact-finder could consider in assessing whether Defendants' letter was deceptive, it does not establish as a matter of law that Defendants' letter would not have been misleading to the unsophisticated consumer.  In support of their position, Defendants also point out that neither the FTC nor the Consumer Financial Protection Bureau ("CFPB") is in favor of imposing a mandatory requirement that debt collectors disclose that a partial payment may revive the statute of limitations on some debts.  But the mere fact that such a disclosure is not required in all circumstances does not mean that a letter without such a disclosure necessarily complies with the FDCPA.

For these reasons, Plaintiff's complaint alleges facts sufficient to state a plausible claim for relief under the FDCPA against both Defendants.  Defendants' Motions to Dismiss are therefore <u>DENIED</u>.

**IT IS SO ORDERED.**

Date:  __3/24/2017_____                            _Sarah Evans Barker_____
                                                                  SARAH EVANS BARKER, JUDGE
                                                                  United States District Court
                                                                  Southern District of Indiana

---

[3] We note that, unlike Defendants' letter, which states only the LVNV would not sue or credit report Plaintiff's debt and is silent as to JCC, the consent decree states "*we* will not sue."  The consent decree makes clear that "we" includes: "Defendant, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them."  Dkt. 22-1 at 11-12.

Distribution:

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Nabil G. Foster
HINSHAW & CULBERTSON, LLP
nfoster@hinshawlaw.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Kevin Dale Koons
KROGER GARDIS & REGAS LLP
kdk@kgrlaw.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

Patrick W. Chinnery
ROCK FUSCO & CONNELLY LLC
pchinnery@rockfuscoconnelly.com

Brandon A. Carnes
ROCK RUSCO & CONNELLY, LLC
bcarnes@rfclaw.com